The Honorable Larry Prater State Representative 8800 Prater Lane Cedarville, AR 72932-9373
Dear Representative Prater:
You have requested an Attorney General opinion concerning the disposition of uniform filing fees and court costs under Act 1045 of 2001. In particular, you have inquired about the "county clerk's cost fund," which is created by the provisions of this act. The following opinion is a response to your request.
Your specific question is:
 How much of the collected fee monies go into the "county clerk's cost fund," and does the quorum court decide this?
RESPONSE
It is my opinion that all of the fee monies listed in the Act, except probate filing fees, go into the county treasury, to the credit of the "county clerk's cost fund" (or in some instances, discussed below, to the credit of the "Recorder's Cost Fund"). Because this initial disposition of the funds is mandated by state law, the quorum court does not have the authority to choose some other disposition.
Act 1045 had the effect of amending A.C.A. § 16-14-105, which pertains to uniform filing fees and court costs. That statute, as amended by the Act, expressly addresses your question.
It states:
 (f)(1) All fees with the exception of the probate filing fees collected under this section shall be paid into the county treasury to the credit of the fund to be known as the" county clerk's cost fund". With the exception of those funds referred to in subsection (f)(2) of this section, all funds deposited into the county clerk's cost fund are general revenues of the county and may be used for any legitimate county purpose.
 (2) At least thirty-five percent (35%) of the moneys collected annually shall be used to purchase, maintain, and operate an automated records system. The acquisition and update of software for the automated records system shall be a permitted use of these funds. Funds set aside for automation may be allowed to accumulate from year to year, or at the discretion of the clerk, may be transferred to county general by a budgeted appropriated transfer.
 (3) In those counties having combined offices of circuit and county clerk, the clerk shall elect to use the automation fund authorized by this section or the automation fund allowed by § 21-6-306, the Recorder's Cost Fund. The clerk's election shall be made in writing and filed in the office of the circuit clerk. Under no circumstances shall the clerk be allowed to utilize both the automation fund as authorized by § 21-6-306 and the county clerk's cost fund as authorized in this subchapter.
A.C.A. § 16-14-105(f).
The above-quoted language is mandatory and grants no discretion to the quorum court to decide the initial disposition of the fee monies collected. However, the county clerk is given a certain amount of discretion regarding the disposition of these funds, once they are received by the county treasury.
In particular, I note that 35% of the moneys collected must be set aside for use in purchasing, maintaining, and operating an automated records system. Funds that are set aside for these purposes can be allowed to accumulate, or they may be transferred (at the discretion of the clerk) to the county general fund. Moreover, in counties having combined offices of circuit and county clerk, the clerks are authorized to choose to place this 35% in the "Recorder's Cost Fund" that is authorized by A.C.A. §21-6-306, rather than in the automation fund referenced by A.C.A. §16-14-105. (In those counties, the clerk must maintain only one such fund — either the county clerk's cost fund, or the Recorder's Cost Fund.)
These instances of discretion on the part of the clerk are the only discretion granted by this law. The quorum court has no say in the question of whether these monies are initially placed into the "county clerk's cost fund."
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General